**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID RAMIREZ-FIGUEROA,

    Plaintiff,

v.                                                                              CASE NO. 8:06-CV-2161-T-30TBM

POLK COUNTY SHERIFF'S OFFICE and
DEPUTY JOHN D. MANEY,

    Defendants.
_____/

# O R D E R

Plaintiff, an inmate in a Florida penal institution proceeding *pro se*, initiated this matter by filing a civil rights complaint seeking relief pursuant to 42 U.S.C. §1983 (Dkt. 1). The matter is now before the Court for consideration of Defendants' Motion to Dismiss Civil Rights Complaint, Motion to Strike Claim for Punitive Damages, or in the Alternative Motion for More Definite Statement filed on February 14, 2007 (Dkt. 7), a copy of which was mailed contemporaneously to Plaintiff at his address of record.

An order directing Plaintiff to file a response to Defendants' motion to dismiss within twenty (20) days thereof, entered on February 21, 2007, was likewise mailed to Plaintiff at his address of record (Dkt. 9). To date, Plaintiff has not filed in opposition to Defendants' motion. The Court, having considered the allegations set out in the complaint, the motion to

dismiss and memorandum of law filed in support thereof, applicable statutes, and controlling case law, and being otherwise advised in the premises, finds that Defendant's motion to dismiss should be should be granted.

**Background**

As the facts are to be construed in the light most favorable to the non-moving party when reviewing a motion to dismiss, the Court adopts, solely for the sake of this motion, the version of material facts as alleged by Plaintiff, the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

> The nature of this cause of action is civil rights violation, cruel and unusual punishment, and police brutality.
>
> On the 13th day of August 2005, the Plaintiff was the victim of unjustified excessive force by the Polk County Sheriff's Office; more specifically Deputy Sheriff John D. Maney (#1515).
>
> Without going into a long drawn out discussion, the events at issue are as follows:
>
> On the above and aforementioned date at approx. 16:37 hrs., the Plaintiff was a passenger of a vehicle – driven by Mr. Jose Rosa-Vega. Whereupon, the Polk County Sheriff's Department Dep. John D. Maney (#1515) attempted to effectuate a lawful stop of the vehicle. Said driver, however, at the pleading of the Plaintiff, refused to stop. Moreover, a pursuit ensuded [sic] and the driver subsequently crashed into a light-pole. After which, said driver further attempted to elude on foot only to be apprehended moments later.
>
> The Plaintiff, on the other hand, stepped from the vehicle with hands raised attempting a peaceful [sic] surrender. No sooner than the Plaintiff stood up the Defendant slamed [sic] the cruiser into the door of the vehicle thereby pinning the Plaintiff's body therein. The Defendant then backed the cruiser a short distance and exited the vehicle, drew his weopan [sic] and shouted, . . .

> "get down . . ." The Plaintiff **AGAIN** attempting a peaceful surrender, laid down in a prone position and was cuffed without incident. (Emphasis added.).
>
> Thereafter, the Plaintiff laid in the street approx (20) twenty minutes struggling to breath [sic] due to bruised ribs and displaced vertibrae [sic]. The defendant then placed the Plaintiff in the back seat of a Sheriff's cruiser for approx. (30) thirty minutes with the windows rolled up **AC OFF** (emphasis supplied). Of equal importance, it should be noted, that it was mid-August, and in keeping with seasonal temperatures it was extreamly [sic] hot! Needless to say, the Plaintiff complained to Sheriff's Deputies of his difficulty breathing to no avail. Sometime thereafter, EMS personel [sic] arrived on the scene and the Plaintiff was transported to – Winterhaven Hospital for injuries sustained from the Defendant's unjustifiable excessive force.
>
> At the hospital, the Plaintiff was examined by E.R. personel [sic] and subsequently released to Deputy Sheriff's with instructions to return the following day. (See Attach. as Exhibit "A"). The Deputies, however, in leiu [sic] of providing jail medical staff said document arbitrarily placed said document in the Plaintiff's property at the county jail.
>
> In summation of the aforementioned, the Plaintiff spent approx.(6) six weeks in the county jail infirmary and it was later determined that he has (2) two displaced disc's [sic] in the lower back. Likewise, the Plaintiff seeks monetary settlement therefor.
>
> Relief Requested: Award the Plaintiff punitive damages in the form of monetary settlement for mental anguish, bodily injury, and possible "future" hospitalization or treatment.

(Dkt. 1 at 5-8).

Plaintiff attached to the complaint the Winter Haven Hospital Instructions and Information from the Emergency Medical Staff defining "multiple contusions" as bruises of the skin and muscle. (Dkt. 1 at 10). The treating physician found that Plaintiff was

"medically clear for jail but must return if worse or new symptoms and recheck." (Dkt. 1 at 10).

While Plaintiff used the court-approved form for civil rights complaints, he failed to file pages 2 through 4 of the form. These pages are used to determine whether a plaintiff has met the threshold requirement that he exhaust all administrative remedies available before initiating the cause of action. Plaintiff was directed to cure the deficiency in the complaint on November 29, 2006 (Dkt. 4). The order, mailed to Plaintiff at his address of record, was apparently delivered to him because it has not been returned as undeliverable. *See Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851-52 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee") (citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995)). While Plaintiff did file a notice of change of address on December 18, 2006, to date, Plaintiff has not complied with the Court's order.

**Standard of Review**

To warrant dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Hishon v. King & Spalding,* 467 U.S. at 73. In considering a motion to dismiss, courts generally accept all factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the non-movant. *See Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission,* 226 F. 3d 1226, 1234 (11th Cir. 2000). "[U]nless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. *Sea Vessel, Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir. 1994); quoting *Osborn v. United States*, 918 F.2d 724, 729-30 n.6 (8th Cir. 1990).

To survive a motion to dismiss, a plaintiff must, however, do more than merely "label" his claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla. 1996). ConcIusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson* v. *BellSouth Telecomms.,* 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). Even under Fed. R. Civ. P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to narrative facts will not suffice.

"[I]n the case of *pro se* litigants, . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)(internal citation omitted). Dismissal of the complaint is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

Noting that Plaintiff failed to comply with the requirement that he exhaust available administrative remedies, including appeal of any unfavorable decisions, Defendants move to dismiss the complaint for, *inter alia*, failure to state a claim for which relief can be granted. Because Plaintiff alleges that the Defendants engaged in conduct which violated §1983, the language of 42 U.S.C. § 1997e(a) forecloses his claims. Plaintiff's failure to cure the deficiency in the complaint or otherwise respond to the Court's order that he file his opposition to the motion to dismiss is fatal to his cause. Given the language of § 1997e(a), exhaustion is a dispositive issue of law raised by the Defendants as an affirmative defense. *See Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 919 (Jan. 22, 2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

While the PLRA does not require prisoner plaintiffs to specifically plead or demonstrate exhaustion in their complaints, *see id*. at 919, because Plaintiff failed to avail himself of the opportunity to cure the deficiency in the complaint, no construction of the factual allegations set forth in the complaint support this cause of action. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

Plaintiff was advised out of an abundance of caution[1] that the granting of Defendants' motion (Dkt. 7) would represent an adjudication of this case which may foreclose subsequent litigation on the matter and further cautioned that if the motion is granted, there will be no

---

[1] *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

evidentiary hearing on his complaint because the case will be terminated in this Court (Dkt. 9).

A *pro se* plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to meet this burden. While pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers, *see Tannenbaum v. United States*, 148 F.3d 1262(11th Cir. 1998), this leniency does not give a court license to serve as *de facto* counsel for a *pro se* litigant, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Investments, Inc. v. County of Escambia, Fla.,*132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).

While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against these Defendants under any set of facts that could be proved consistent with the allegations made by Plaintiff in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Plaintiff fails to set forth sufficient allegations to warrant allowing this matter to go forward.

The Court cannot proceed with a cause of action under § 1983 where recovery is barred by statute. However, as the Eleventh Circuit held in *Harris*, §1997e applies only to claims filed while an inmate is confined. *Harris v. Garner*, 190 F.3d 1279 (11th Cir. 1999), *vacated by*, 197 F.3d 1059 (11th Cir. 1999)*, and reinstated in relevant part by,* 216 F.3d 970, 979-80 (11th Cir. 2000). Dismissal of the complaint will, therefore, be without prejudice. Having determined that Defendants' assertion that the complaint is subject to dismissal for failure to exhaust administrative remedies is well taken, it is unnecessary to address Defendants' other grounds for relief presented in the motion to dismiss.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants' Motion to Dismiss is **GRANTED** (Dkt. 7). Plaintiff's complaint is **DISMISSED**, without prejudice, for failure to state a claim for which the Court can grant relief (Dkt.1).

2. The **Clerk** of Court shall enter judgment for Defendants, terminate any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Pro Se Plaintiff/Counsel of Record